# EXHIBIT C



555 12th Street, N.W., Suite 1200
Washington, D.C. 20004-1275 U.S.A.
(202) 289-1313
Fax (202) 289-1330

www.btlaw.com

John E. Kelly
Partner
(202) 831-6731
jkelly@btlaw.com

April 17, 2026

**VIA EMAIL**

Ross Goldstein, Esq.
U.S. Department of Justice, Consumer Protection Branch
450 Fifth St. NW
Washington, D.C. 20001
ross.goldstein@usdoj.gov

RE:    **Children's National Hospital's Response to Subpoena Duces Tecum
No. 25-1431-028**

Dear Mr. Goldstein:

On behalf of Children's National Hospital ("CNH"), we write in response to our March 30, 2026, conversation with the United States Department of Justice ("DOJ"). During that conversation, DOJ asked about the status of CNH's compliance with Subpoena Duces Tecum No. 25-1431-028, dated July 3, 2025 (the "Subpoena"), and CNH's position concerning the production of medical records—including protected health information ("PHI")—of pediatric patients who received gender-affirming care services. We welcome the opportunity to provide further details concerning CNH's substantial compliance efforts and to restate CNH's position on producing patient medical records.

### A.  CNH and DOJ's Interactions to Date

On July 3, 2025, DOJ issued the Subpoena to CNH, requesting the production of documents and communications relating to the provision of gender-affirming care services to minors dating back to January 1, 2020. Since receiving the Subpoena, CNH has diligently worked to comply with its requests and provide DOJ with the documents and information necessary for its investigation, while simultaneously protecting the substantial privacy interests of a highly vulnerable patient population and their families.

Consistent with this approach, during our initial conversation with DOJ on July 25, 2025, counsel for CNH confirmed that CNH intended to comply with the Subpoena and produce responsive documents expeditiously. During that conversation, counsel for CNH also expressed CNH's significant concerns regarding the production of patient records and other PHI, while noting CNH's willingness to explore a potential compromise.

Atlanta | Boston | Chicago | Dallas | Delaware | Florida | Indiana | Los Angeles | Michigan | Minneapolis | Nashville | New Jersey
New York | North Carolina | Ohio | Philadelphia | Salt Lake City | San Diego | Washington, D.C.

Ross Goldstein, Esq.
April 17, 2026
Page 2

Throughout our interactions with DOJ, CNH has consistently conveyed its commitment to complying with the Subpoena while expressly reserving its rights concerning the production of PHI and other patient information, given the heightened privacy interests and sensitivities associated with CNH's pediatric patient population. CNH has demonstrated this commitment through five separate productions of responsive documents. Notably, until our most recent conversation, DOJ expressed its satisfaction with CNH's compliance efforts.

Meanwhile, federal courts across the country have found identical subpoenas issued by DOJ to be improper and have either quashed them entirely or significantly limited requests seeking patient information.[1] Most significantly, on January 21, 2026, Judge Julie R. Rubin of the United States District Court for the District of Maryland quashed relevant portions of the very Subpoena at issue here—finding that the Subpoena lacks legitimate purpose and proper legal authority. Accordingly, CNH maintains significant concerns about producing any documents or materials that would identify members of this highly vulnerable patient population, particularly given the Court's holding concerning these specific elements of the Subpoena and DOJ's representation to the Court that it had "no current plan or intention" to seek to enforce the Subpoena as to CNH.

### B.  CNH's Discovery Efforts

Since our initial call with DOJ, CNH has undertaken extensive efforts to review its practices and processes related to its gender-affirming care services to identify relevant custodians and documents responsive to the Subpoena. As part of this effort, counsel for CNH conducted approximately thirty interviews of CNH providers, employees, and executives concerning gender-affirming care services at CNH, including informed consent procedures, clinical practice guidelines and protocols, adverse event reporting, interactions with pharmaceutical manufacturers, and billing and coding practices.

In addition to forensically collecting data from CNH personnel, CNH identified and collected data from shared drives associated with CNH departments involved in gender-affirming care, including Endocrinology, Gynecology, and CNH's Gender Development Program.

Finally, given the broad nature of the Subpoena's fifteen requests, CNH developed more than forty unique search terms designed to identify documents discussing gender-affirming care at CNH and to target the specific concerns identified by DOJ, including: (1) billing and coding practices; (2) informed consent procedures; (3) adverse event reporting; (4) off-label prescription of medication for gender-affirming care; and (5) interactions with pharmaceutical manufacturers.

---

[1] *See In re Subpoena Duces Tecum No. 25-1431-016*, 2025 WL 3562151, at *17 (W.D. Wash. Sept. 3, 2025) (granting Seattle Children's Hospital's motion to set aside subpoena); *In re Admin. Subpoena No. 25-1431-019*, 800 F. Supp. 3d 229, 239 (D. Mass. 2025) (granting Boston Children's Hospital's motion to quash subpoena); *QueerDoc, PLLC v. Dep't of Just.*, 807 F. Supp. 3d 1295, 1304 (W.D. Wash. 2025) (granting QueerDoc's motion to quash subpoena); *In re Subpoena No. 25-1431-014*, 810 F. Supp. 3d 555, 607 (E.D. Penn. 2025) (granting Children's Hospital of Philadelphia's motion to limit subpoena); *In re 2025 UPMC Subpoena*, 2025 WL 3724705, at *3 (W.D. Pa. Dec. 24, 2025) (granting patients and former patients of UPMC's motion to quash subpoena requests 11-13); *see also In re: Dep't of Just. Admin. Subpoena No. 25-1431-030*, 2026 WL 33398, at *11 (D. Colo. Jan. 5, 2026) (Chung, M.J.) (recommending that the district court grant Children's Hospital Colorado's motion to quash subpoena).

**Barnes & Thornburg**

Ross Goldstein, Esq.
April 17, 2026
Page 3

Since receiving the Subpoena, CNH has dedicated *substantial* resources to ensuring compliance with DOJ's broad requests—resulting in five productions over the course of four months.

## C.  DOJ's Request for Protected Health Information and Related Records

As you are aware, on January 21, 2026, Judge Rubin issued an Order and Opinion quashing, in part, the Subpoena as to several CNH patients.  The Court specifically quashed Requests 11 through 13, "and as to any other Subpoena Request to the extent it seeks or requires production of Children's National Hospital patient medical records, patient identities, or identification of parents or guardians of patients."[2]

The Court's Opinion was unequivocal—the Subpoena issued to CNH lacks proper legal authority.  The Court concluded the government provided "no articulated basis to suspect [CNH] of violations of the FDCA or the False Claims Act."  *Id*. at 12.  The Court further held that the Subpoena "appears to have no purpose other than to intimidate and harass [CNH], and Movants, and those similarly situated."  *Id*. at 15.  Critically, as to the government's argument that anonymizing patient records would cure the Subpoena's defects, the Court rejected this contention, holding that anonymization does not ameliorate the Subpoena's lack of "legitimate purpose."  *Id*. at 15-16.  Following the issuance of its Opinion, the Court solicited a response from the government as to whether it "intend[s] or plans" to initiate proceedings, motions practice, or the like to secure Subpoena compliance by [CNH]" to which the government represented that "it has no current plan or intention to do so."  CNH Patient Litigation, Dkt. No. 30.

During our most recent conversation, and contrary to the government's representation to Judge Rubin earlier this year that it did not intend to compel CNH's compliance with the Subpoena, DOJ requested CNH's final position regarding the production of responsive documents containing PHI and patient medical records.  Although DOJ indicated it was amenable to negotiating a "compromise position," DOJ made clear that it expected CNH's final position imminently and that CNH's decision would be central to DOJ's determination of "next steps."

As described herein, CNH has consistently expressed its willingness to engage with DOJ on the issue of PHI and patient records.  CNH has also articulated its openness to negotiating a compromise position that would provide DOJ with the information necessary for its investigation while protecting the substantial privacy interests of this vulnerable patient population and their families.

In addition to making this position clear during its conversations with DOJ, CNH explicitly reserved its rights in each production letter sent to DOJ, stating in part:

> [T]he provision of the enclosed documents is not intended to waive and does not waive any argument that CNH may make as to the issue of patient health information ("PHI") and patient medical records requested in the Subpoena.  Should there be any disagreement or litigation between the parties concerning the

---

[2] *In re 2025 Subpoena to Children's National Hospital*, No. 1:25-cv-03780-JRR ("CNH Patient Litigation"), Dkt. No. 24 (D. Md. Jan. 21, 2026) ("CNH Patient Opinion"); *see also* CNH Patient Litigation, Dkt. No. 23.

**Barnes & Thornburg**

Ross Goldstein, Esq.
April 17, 2026
Page 4

issue of disclosing PHI and/or medical records pursuant to the Subpoena, the parties agree that this production does not constitute a waiver by CNH.

CNH is aware of litigation challenging the legality of Executive Order No. 14,187 and subsequent related DOJ directives, which call into question the legal basis of the Subpoena. Despite such legal challenges, CNH makes this . . . production and reiterates its desire to cooperate with DOJ and comply with the Subpoena at this time.

Accordingly, throughout DOJ's investigation, CNH has provided notice to DOJ that CNH was prioritizing the production of materials that did not contain PHI or other patient information, while expressly reserving its rights concerning the production of materials containing PHI and patient records.

At no time did DOJ express any objection to or dissatisfaction with this approach. To the contrary, during an October 30, 2025 conversation, in response to CNH describing its efforts to determine the feasibility of anonymizing patient information, DOJ expressed appreciation that CNH was "being proactive about the issue." Similarly, during a December 19, 2025 conversation, when CNH reported that it was nearing substantial completion of the production of documents *not containing patient information*, DOJ expressed gratitude and stated that it "appreciated the work" CNH had done. Any suggestion that CNH has failed to meet DOJ's expectations or has not acted in good faith in working toward satisfaction of the Subpoena's requests fundamentally contradicts the tenor and substance of all prior interactions between CNH and DOJ.

The government's renewed effort to obtain patient information raises grave concerns for CNH. *First*, DOJ appears to be seeking enforcement of the very Subpoena provisions that Judge Rubin found to lack legitimate purpose and proper legal authority—a position that is difficult to reconcile with the basis of the Court's Opinion and DOJ's subsequent representation to Judge Rubin regarding its intentions (or lack thereof). *Second*, further productions of any patient-identifying materials, even in anonymized form, would place CNH at serious risk of violating Judge Rubin's Order, particularly because (a) the patients protected by that Order remain anonymous and cannot be distinguished from other CNH patients, and (b) Judge Rubin's reasoning that the anonymization of patient records does not cure "the Subpoena's defects." CNH Patient Opinion at 15. *Third*, and most fundamentally, CNH has an obligation to protect the privacy and safety of its highly vulnerable pediatric patient population, an obligation that the Court's findings confirm CNH is right to prioritize.

## D. **Conclusion**

Since receiving DOJ's Subpoena nearly nine months ago, CNH has acted in good faith to comply with its requests, undertaking substantial efforts to identify and produce responsive materials. CNH has made five separate productions, conducted approximately thirty interviews, and dedicated significant resources to satisfying DOJ's broad demands. Throughout this process, CNH made clear from the outset that the patient information and medical records at issue are highly sensitive and that CNH reserved its rights as to whether it would produce materials identifying this vulnerable patient population. DOJ expressed no objection to this approach and, until recently, indicated satisfaction with CNH's compliance efforts.

**Barnes &Thornburg**

Ross Goldstein, Esq.
April 17, 2026
Page 5

In light of the foregoing—including Judge Rubin's ruling that the Subpoena lacks legitimate purpose and proper legal authority, the government's representation that it has no current plan to seek enforcement, and CNH's paramount obligation to protect its vulnerable patient population—CNH does not intend to produce materials that contain or would reveal PHI or other information sufficient to identify individual patients.  CNH remains willing to engage in further discussions with DOJ but respectfully maintains its position that the production of patient-identifying information raises serious legal concerns that have been explicitly addressed in a binding federal court opinion and is not appropriate under the circumstances.

Sincerely,

BARNES & THORNBURG LLP

*John E. Kelly*

John E. Kelly
Partner

cc:

Jacquelyn Papish (jackie.papish@btlaw.com)
Scott Dahlquist (Scott.B.Dahlquist@usdoj.gov)
Patrick Runkle (Patrick.R.Runkle@usdoj.gov)
Steven R. Scott (Steven.R.Scott@usdoj.gov)

Barnes & Thornburg