# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

In Re: Children's National Subpoena No.
25-1431-028

Case No.:

_____

## DECLARATION OF CATHERINE PEARCY

I, Catherine Pearcy, declare as follows:

1. I am over the age of 18, competent to testify as to the matters herein, and attest to the information set forth below through personal knowledge.

### A. Personal Background

2. I am the Vice President, Chief Compliance & Privacy Officer at Children's National Hospital ("CNH"). I have served in this role since December 2020 and began as Interim Chief Compliance & Privacy Officer in April 2020. In my role as Chief Compliance & Privacy Officer, I am responsible for overseeing CNH's compliance with all applicable federal and state privacy laws and regulations, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its implementing regulations, and applicable state health information privacy statutes. I also oversee CNH's institutional policies and procedures governing the use, disclosure, and safeguarding of protected health information ("PHI").

3. I hold a degree from Marymount University and have 23 years of experience in healthcare compliance and privacy.

### B. Children's National Hospital

4. CNH maintains comprehensive medical records for all patients who receive care at the institution. These records contain highly sensitive PHI, including but not limited to: patient

1

names, dates of birth, addresses, and parent or guardian contact information; clinical notes documenting the details of provider-patient encounters; mental health assessments and psychosocial evaluations; diagnoses and treatment plans, and medication histories; communications between patients, families, and clinical staff; and billing and insurance information, that by its nature, reveals details about patient identity and the nature of care received (collectively, "Patient Records").

5.  The Patient Records sought by the subpoena are among the most sensitive that CNH maintains. These records contain deeply personal information about those patients' gender identity, developmental history, family dynamics, mental health, and physical health. The records also frequently contain information about third parties, including parents, friends, siblings, teachers, and others who are discussed in the context of clinical assessments.

6.  In the course of receiving care, patients and families disclose to providers intensely personal details concerning, for example, sexual history, past trauma, interfamilial dynamics, self-harm or other coping behaviors, and experiences of harassment and bullying. This information is shared in reliance upon the understanding that it will remain within the healthcare system and be used solely for the purpose of providing medical care.

7.  As the institution's Privacy Officer, I am responsible for ensuring CNH meets its legal and ethical obligations to safeguard patient health information. Protecting patient privacy is central to CNH's ability to comply with these obligations. Maintaining confidentiality of patient records is essential to ensuring patients and parents disclose the health information necessary for the care team to deliver the best care for their patients.

C. **The Subpoena**

8. The Subpoena expressly seeks the production of Patient Records, including the identification of every minor patient who received certain categories of care and the entirety of their clinical, diagnostic, and consent records. This information is generally considered deeply sensitive by patients and providers and is generally provided with the expectation it will remain confidential and will not be shared.

9. Redaction or anonymization of patient names would not adequately protect patient privacy. The Patient Records requested by the Subpoena contain sufficiently detailed information— including patients' ages, timing and frequency of visits, types of treatment, family structures, school circumstances, and geographic indicators—that patients and their families could be identified even from ostensibly de-identified records.

D. **Harm That Disclosure Would Cause**

10. Disclosure of the Patient Records demanded by the Subpoena would cause significant and potentially irreparable harm to CNH's patients and their families.

11. Given that transgender individuals experience higher rates of violence, bullying, and harassment, and have higher suicide rates compared to their peers, disclosing intimate personal details about this vulnerable patient population would expose these patients and their families to serious harm.

12. Full compliance with the Subpoena would also impose a substantial administrative, financial, and operational burden on CNH. It would require the production of approximately hundreds of patient records, as well as patient billing records. The records implicated by the Subpoena are distributed across multiple clinical areas, increasing this burden.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed on May 8, 2026.

*Catherine Pearcy*
_____

Catherine Pearcy

May 8, 2026
_____

Date